UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY L. DUFFIE,

        Plaintiff,

vs.

THE MICHIGAN GROUP, INC. – LIVINGSTON d/b/a RE/MAX PLATINUM, a Michigan corporation,

        Defendant.
_____/

Case No. 5:14-cv-14148
Hon. Judith E. Levy

| | |
|---|---|
| Raymond J. Sterling (P34456) | William E. Pilchak (P29545) |
| Elisabeth A. Gusfa (P77273) | Attorney for Defendant |
| Brian J. Farrar (P79404) | PILCHAK & COHEN, P.C. |
| Attorneys for Plaintiff | 3062 E. Walton Boulevard |
| STERLING ATTORNEYS AT LAW, P.C. | Auburn Hills, MI 48326 |
| 33 Bloomfield Hills Pkwy., Ste. 250 | (248) 409-1900 |
| Bloomfield Hills, MI 48304 | wpilchak@mi-worklaw.com |
| (248) 644-1500 | |
| rsterling@sterlingattorneys.com | William T. Russell (P40062) |
| egusfa@sterlingattorneys.com | Co-Counsel for Defendant |
| bfarrar@sterlingattorneys.com | 6870 Grand River Rd. |
| | Brighton, MI 48114 |
| | (810) 220-1370 |
| | brussell@selecttitleagency.com |

_____/

# JOINT FINAL PRETRIAL ORDER

**Jurisdiction**

1. This Court has federal question jurisdiction under 28 USC 1331 on the Fair Labor Standards Act overtime claim in Count I because this action arises under the laws of the United States.

2. This Court has supplemental jurisdiction under 28 USC 1367(a) on the unjust enrichment claim in Count II.

3. Jurisdiction is not contested.

**Plaintiff's Claims**

1. Defendant Re/Max Platinum violated the overtime provisions of the Fair Labor Standards Act (29 USC 207(a)) by failing to compensate plaintiff at the rate of one-and-one-half times her hourly wage for hours worked in excess of 40.

2. Plaintiff was a non-exempt employee because her primary duty was bookkeeping. 29 CFR 541.700(a).

3. Defendant's conduct was willful and therefore allows plaintiff to recover unpaid wages for the period of three years prior to the filing of the complaint until her date of separation – i.e. from October 28, 2011 until March 17, 2014.

4. The defendant is liable for liquidated damages under the FLSA because it did not act in good faith.

5. The defendant reaped an unfair benefit by failing to pay plaintiff for extra hours of work under the doctrine of unjust enrichment.

**Defendant's Claims**

1. As to Count I (FLSA): Defendant was not and is not required to pay Plaintiff overtime under the Fair Labor Standards Act because Plaintiff was subject to the Executive and Administrative Exemptions to the FLSA at all times relevant to Count I.

2. As to Count II (Unjust Enrichment): Plaintiff was not entitled to extra pay for her time over 40 hours per week, and Defendant was not unjustly enriched because:

- Plaintiff was subject to the Executive and Administrative Exemptions to the FLSA at all times relevant to Count II;

- If Defendant had an obligation to pay Plaintiff for her time over 40 hours in one week, Plaintiff had a remedy at law under the FLSA (to obtain time and one half overtime, more than the straight time sought in Count II), and cannot invoke equitable relief. *Kingsley Associates v Moll Plasticrafters,* 65 F.3d 498, 506 (6th Cir., 1995); *Tkachik v. Mandeville*, 487 Mich. 38, 45 (2010): "In its sound discretion, [a] Court may grant equitable relief "[w]here a legal

3

remedy is not available[.]" citing *Powers v Fisher*, 279 Mich 442, 448; 272 NW 737 (1937).

- Plaintiff's common-law, equitable claim seeking wages paid beyond 40 hours per week is pre-empted by the Fair Labor Standards Act. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, (4th Cir. 2007); *DeSilva v. N. Shore-Long Is. Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 512-13 (E.D.N.Y. 2011); *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243, 263 (W.D.N.Y. 2010); *Pacheco v. Boar's Head Provisions Co.*, 2010 U.S. Dist. LEXIS 30463 (WD Mich., 2010) (attached to Defendant's summary judgment brief).

**Stipulation of Facts**

1. Plaintiff is a former employee of defendant.

2. Defendant is a Michigan corporation with its principal place of business in Brighton, Michigan.

3. Defendant does business as Re/Max Platinum.

4. Defendant is an "employer" as defined by the Fair Labor Standards Act, 29 USC 203(d).

5. In 2008, Re/Max Platinum Home Stars, Inc. merged with The Michigan Group, Inc. – Livingston (d/b/a Re/Max Platinum).

6. Defendant became plaintiff's employer in 2008 as a result of the merger.

7. Defendant paid Plaintiff exactly $52,000 in calendar year 2011.

8. Defendant paid Plaintiff exactly $52,000 in calendar year 2012.

9. Defendant paid Plaintiff exactly $52,000 in calendar year 2013.

10. Defendant paid Plaintiff gross compensation of $2000 for a two week pay period for the following sequential paydays:

    a. January 6, 2014;

    b. January 20, 2014;

    c. February 3, 2014;

    d. February 17, 2014.

11. Plaintiff's employment with defendant ended on March 17, 2014.

12. Plaintiff's complaint was filed on October 28, 2014.

**Issues of Fact to be Litigated**

    **Plaintiff's issues of fact**

1. Whether plaintiff "managed" the employer's "enterprise" or its subdivisions.

2. Whether plaintiff's primary duty includes interviewing, selecting, and training employees.

3. Whether plaintiff had authority to set and adjust rates of pay or hours of work.

4. Whether plaintiff directed or planned work, or just *coordinated* routine tasks for efficiency purposes.

5. Whether plaintiff devised executive techniques.

6. Whether plaintiff's primary duty was disciplining employees.

7. Whether plaintiff's primary duty was controlling defendant's budget.

8. Whether plaintiff implemented and monitored legal compliance measures.

9. Whether plaintiff customarily and regularly directed the work of others.

10. Whether Joseph C. DeKroub Jr. is the owner or co-owner of Re/Max Platinum; Michigan United Mortgage, LLC; Select Title Company; LaVita Bistro, LLC; D & D Real Estate, LLC; Livingston County Investments, Inc.; 1st Choice Builders, Inc.; Lake Wallaby Limited Partnership; Putnam Meadows; and Joe's Game Ranch, LLC.

11. Whether Jennie Steudle was plaintiff's supervisor from October 2010 to March 2014.

12. Whether plaintiff made hiring and firing recommendations.

13. Whether plaintiff exercised discretion and independent judgment.

14. Whether plaintiff formulated or interpreted policies.

15. Whether plaintiff carried out major assignments.

16. Whether plaintiff could bind the defendant on matters of significance.

17. Whether plaintiff provided consultation or expert advice.

18. Whether plaintiff represented the company in handling complaints, arbitrating disputes, or resolving grievances.

19. Whether plaintiff's primary duty was directly related to managing or running the business.

20. Whether plaintiff was classified as an hourly employee.

21. Whether plaintiff worked in excess of 40 hours a week.

22. Whether defendant was aware that plaintiff was working in excess of 40 hours a week and was not compensated for it.

23. Whether plaintiff was an hourly or salaried employee.

24. Whether defendant stopped compensating plaintiff for any hours worked in excess of 40 hours per week in February 2009.

25. Whether plaintiff is owed the reasonable value of her services for her extra hours worked under the doctrine of unjust enrichment.

**Defendant's issues of fact**

1. Whether, and to which extent Plaintiff worked in excess of 40 hours per week.

2. Whether Plaintiff was subject to the Executive Exemption from overtime, because:

    a. She was paid on a salary basis;

    b. her primary duty was management of a customarily recognized department or subdivision of Defendant;

    c. Plaintiff customarily and regularly directed the work of two or more other employees; and

    d. Plaintiff's suggestions and recommendations as to the hiring, firing or any other change of status of other employees were given particular weight.

3. Whether Plaintiff was subject to the Administrative Exemption from overtime, because:

    a. She was paid on a salary basis;

    b. Her primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant; and

    c. Her primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

5. If a violation of the FLSA is found, whether Defendant willfully violated the FLSA.

**Issues of Law to be Litigated**

**Plaintiff's issues of law**

1. Whether plaintiff was an exempt employee under the FLSA's "executive" exemption. 29 CFR 541.100(a).

2. Whether plaintiff was an exempt employee under the FLSA's "administrative" exemption. 29 CFR 541.200(a).

3. Whether the defendant willfully violated the FLSA. See 29 USC § 255(a); *McLaughlin v Richland Shoe Co,* 486 U.S. 128, 133 (1988) (a violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]").

4. Whether the plaintiff is owed liquidated damages because the defendant did not act in good faith. See 29 USC § 260(c); *Martin v Ind Mich Power Co*, 381 F3d 574, 584 (6th Cir 2004) ("if an employer demonstrates *both* good faith and reasonable grounds for the incorrect classification, then a court may exercise its discretion to limit or deny liquidated damages").

**Defendant's issues of law**

1. Whether Plaintiff had an adequate remedy at law under the FLSA so that Plaintiff may not resort to the equitable remedy of Quantum

Meruit/Unjust Enrichment. *Kingsley Associates v Moll Plasticrafters,* 65 F.3d 498, 506 (6th Cir 1995).

2.  Whether there is any legitimate question of fact but that Plaintiff was subject to the Executive or Administrative exemptions under the FLSA.

**Evidence Problems Likely to Arise at Trial**

Defendant filed motions *in limine* that are pending before this Court. Plaintiff is not aware of any other evidentiary issues at this time.

Defendant identifies the following evidentiary issues included in its motion *in limine*:

1.  Whether Plaintiff should be precluded from introducing evidence of the property values of real estate sold by customers using Defendant as their realtor as reported by *Crains Detroit Business*, under FRE 401, 402 And 403.

2.  Whether Plaintiff may introduce evidence of the salaries of other managers, Including Kandis Thompson, under FRE 402 & 403, given the fact that Plaintiff's salary was greatly in excess of the amount required by statute, and 29 CFR §541.700(a) states the relevant comparison is "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee."

3.  Whether Plaintiff may introduce evidence of her separation, since the parties differ on whether she resigned or was fired, the separation is not

relevant to any count of the Complaint, and Plaintiff conceded in her motion *in limine* that the only relevance is "credibility" on a fact not otherwise in dispute.

**Witnesses**

    **Plaintiff will call**

1. Joseph DeKroub – Owner, President of defendant company
2. Sherry Duffie – Plaintiff

    **Plaintiff may call**

3. Jennie Stuedle – Employee of defendant
4. Kandis Thompson – Employee of defendant
5. Rachel Ureche – Employee of defendant
6. Darin Ureche – Employee of defendant
7. Al Wicke – Former employee of defendant
8. Ken Durrant – Former employee of defendant

    **Defendant will call**

1. Sherry Duffie (personally or by deposition excerpts)
2. Jennie Stuedle
3. Kandis Thompson
4. Erica Hahn
5. Joseph Dekroub

### **Defendant may call**

6. Valery J. Kruczynski

7. Dawn Burke

8. Pamela Shearer

9. Tania Maples

10. Pamela Heikkila

11. Tiffany Richards-Payne

## **Exhibits**

### **Plaintiff's exhibits**

P-1   Re/Max Platinum Management and Staff List- *Defendant objects on the basis of foundation.*

P-2   Payroll Item Detail from January 2011 to December 2014

P-3   Employee Earnings Summary from 1/1/2014 to 3/17/2014

P-4   Erica Hahn e-mails to plaintiff and Jennie Steudle from 2011 to 2012

P-5   Selection of e-mails reflecting plaintiff's job duties from 2011-2014 (*Defendant objects on the basis of relevance and foundation*)

P-6   11/5/2012 e-mail from plaintiff to S. Kuehnl re: profile forms and payment (*Defendant objects on the basis of relevance and foundation*)

P-7   8/15/2013 e-mail from plaintiff to D. Medford re: DeKroub's credit card (*Defendant objects on the basis of relevance and foundation*)

P-8   1/17/2014 e-mail from plaintiff to S. Cusick re: contract signatures- (*Defendant objects on the basis of relevance and foundation*)

P-9   5/4/2012 e-mail chain from plaintiff to J. Steudle re: Erica Hahn's absences (*Defendant objects on the basis of relevance and foundation*)

P-10   Kandis Thompson's employee notes re: Kruczynski termination (*Defendant objects on the basis of relevance and foundation*)

P-11   Compilations of e-mails sent during plaintiff's overtime hours

P-12   Complaint and Answer

P-13   Plaintiff's paystubs

P-14   Plaintiff's damages calculations (*Defendant objects on the basis of relevance and foundation*)

### Defendant's exhibits

| Trial Exhibit Number | | Plaintiff's Bates No. or Deposition Exhibit No. | Defendant's Bates No. or Deposition Exhibit No. | Description |
|---|---|---|---|---|
| 1. | a | | | 2007 Calendar |
| | b | | | 2008 Calendar |
| | c | | | 2009 Calendar |
| | d | | | 2010 Calendar |
| | e | | | 2011 Calendar |
| | f | | | 2012 Calendar |
| | g | | | 2013 Calendar |
| | h | | | 2014 Calendar |

| | | | | |
|---|---|---|---|---|
| 2. | | | | Googlemap data (*plaintiff objects – relevancy, lack of foundation, authentication*) |
| 3. | | | | Arial photo 6870 Grand River, Brighton, MI (*plaintiff objects – relevancy, lack of foundation, authentication*) |
| 4. | | | | Complaint |
| 5. | | | | Plaintiff's Response to Requests for Admission |
| 6. | | | | Plaintiff's Answers to Defendant's First Interrogatories |
| 7. | | Pl # 151 | | Plaintiff's Resume (*plaintiff objects – relevancy*) |
| 8. | | | | Plaintiff's Linked In Page (*plaintiff objects – relevancy*) |
| 9. | | | | Redacted Jan. 6, 2014 e-mail to Steudle [Impeachment only] |
| 10. | | Pl # 6-10 | | Homestars Paystubs |
| 11. | | Pl # 11-19 | | MI-Group Paystubs |
| 12. | | | | Christian Science Monitor Recession Timeline (*plaintiff objects – relevancy, lack of foundation, hearsay*) |
| 13. | a | | Def # 146-148 | Office Personnel Policies- Salaried Personnel |
| | b | | Def # 160-162 | Office Personnel Policies- Salaried Personnel - Kruczynski |
| | c | | Def # 143-145 | Office Personnel Policies- Hourly Personnel |
| 14. | | Pl # 183 | | Plaintiff's 3/18/11 Time Sheet |
| 15. | | | Def # 156-159 | Kruczynksi Time Sheets |
| 16. | | Pl # 145 | | Re/Max Platinum Agent/Staff Phone List p. 2 (*plaintiff objects – relevancy, lack of foundation*) |
| 17. | | | Def # 1-3 | Plaintiff's 2011-2013 W-2 Forms |
| 18. | | | Def # 4-10 | IRS/SSA Forms |

14

| | | | | |
|---|---|---|---|---|
| | 19. | | Def # 519 | IRS/SSA Form |
| | 20. | | Def # 11 | MI Unemp. Ins. Agency Quarterly Tax Rep't (*plaintiff objects – relevancy, lack of foundation*) |
| | 21. | | Def # 47-48 | Letters to MI Unemp. Ins. Agency |
| | 22. | | Def # 52 | MI Unemp. Ins. Agency Fact-Finding form |
| | 23. | a | Def # 12-15 | IRS Notice of proposed penalty |
| | | b | Def # 16 | Plaintiff's letter to IRS |
| | 24. | | Def # 58-59, 520-532 | Eviction Paperwork (*plaintiff objects – relevancy, lack of foundation, cumulative*) |
| | 25. | | Def # 552-3 | E-mail regarding preparation for audit |
| | 26. | | Pl Dep Ex 4, pp 9-12 | E-mails regarding acquisition of software |
| | 27. | | Def # 198 | E-mail to Felker and Hahn |
| | 28. | | Def # 511-12 | E-mail chain Krucynski/Plaintiff regarding hiring |
| | 29. | | Def # 53 | Payroll Change Notice |
| | 30. | | Def # 54 | Webber I-9 |
| | 31. | | Def # 66-75, 86-87 | Documents related to Craig's list ad (*plaintiff objects – relevancy, lack of foundation, cumulative*) |
| | 32. | | Pl Dep Ex 4, pp 5-6 | Zammit e-mail regarding Craig's list ad |
| | 33. | | Pl Dep Ex 4, p 3 | Clickner ad regarding open position |
| | 34. | | Def # 201 | E-mail regarding pending checklist |
| | 35. | | Pl Dep Ex 4, pp 26-29 | E-mail claim regarding disputing unemployment claims |
| | 36. | | Pl Dep Ex 4, pp 32-34 | E-mail chain regarding paying brokers with corporations |
| | 37. | | Def # 234 | Banking Procedures for Fenton and Ann Arbor |

15

| | | | |
|---|---|---|---|
| 38. | Pl # 215 | | E-mail regarding Tax ID numbers |
| 39. | | Def # 228-9 | E-mail to Renee Day |
| 40. | | Def # 221 | E-mail regarding Staff Meeting Reminder |
| 41. | | Def # 226 | E-mail regarding Dress Code |
| 42. | | Pl Dep Ex 4, pp. 13-15 | E-mail chain regarding commissions for incapacitated agent |
| 43. | | Def # 483-86 | How To Process a pending file |
| 44. | | Pl Dep Ex 4, pp. 16-19 | E-mail chain regarding agent dues |
| 45. | | Def # 487-89 | Input a File Into RMS |
| 46. | | Def # 253-4+ original | Red Book of Law (*plaintiff objects – relevancy, lack of foundation*) |
| 47. | | Def # 199 | E-mail to Felker regarding collecting mail |
| 48. | | Pl Dep Ex 4, p 47 | E-mail to Durrant regarding Felker |
| 49. | | Def # 200 | E-mail to Hahn regarding changing broker fee |
| 50. | | Pl Dep Ex 4, p 8 | E-mail to Hahn regarding petitioning for rent increase |
| 51. | | Def # 209-10 | E-mail to Felker regarding Internet shut off |
| 52. | | Def # 213-4 | E-mail to Felker regarding correcting transaction |
| 53. | | Def # 203 | E-mail to Felker regarding transfer to general |
| 54. | | Def # 211 | E-mail to Felker and Kruczynski regarding transfer to general |
| 55. | | Def # 205 | E-mail to Felker regarding referral check |
| 56. | | Def # 217-8 | E-mail to Felker regarding contacting Fenton |
| 57. | | Def # 207-8 | E-mail to Felker regarding preparing checks |
| 58. | | Def # 212 | E-mail to Felker regarding preparing checks |

| | | | |
|---|---|---|---|
| 59. | | Def # 204 | E-mail to Felker regarding return of license |
| 60. | | Def # 197 | E-mail to Hahn regarding requested dates |
| 61. | | Def # 202 | E-mail to Webster regarding "We need you in Brighton" |
| 62. | | Def # 222 | E-mail to Webber regarding mistake |
| 63. | | Pl Dep Ex 4, p 40 | E-mail to Webber regarding mistake |
| 64. | | Pl Dep Ex 4, p 7 | E-mail to Webster regarding mistake |
| 65. | | Pl Dep Ex 4, p 21 | E-mail to Steudle regarding Gallagher |
| 66. | | Def # 139-141 | E-mail Chain- Third Request for Update |
| 67. | | Def # 215-6 | E-mail to Felker regarding payment of vendor |
| 68. | | Pl Dep Ex 4, p 35 | E-mail regarding payment of DTE |
| 69. | | Pl Dep Ex 4, p 41 | E-mail regarding payment of vendor |
| 70. | | Pl Dep Ex 4, p 42 | E-mail regarding payment of credit card |
| 71. | | Def # 219-20 | E-mail to Vendor regarding payment |
| 72. | | Pl Dep Ex 4, p 22 | E-mail regarding training class for administrators |
| 73. | Thompson Dep Ex 6 | | E-mail regarding training materials |
| 74. | | Pl Dep Ex 4, pp 24-5 | E-mail regarding training new staff. |
| 75. | | Pl Dep Ex 4, p 37-8 | E-mail chain with UHY |

| | | | |
|---|---|---|---|
| 76. | | Def # 558-77 | E-mail chains regarding Towle Financial Services |
| 77. | | Pl Dep Ex 4, p 36 | E-mail regarding auditing account |
| 78. | | Def # 193-196 | Trial Balance (*plaintiff objects – relevancy, lack of foundation*) |
| 79. | | | Plaintiff's Second Document Request (*plaintiff objects – generic*) |
| 80. | Steudle Dep Ex 7 | | E-mails to or about Durrant |
| 81. | | Def # 587-616 | Summary Exhibit Daily Activity Shown in Audit Trails & Staff Activity Reports Requested By Plaintiff (*plaintiff objects – relevancy, lack of foundation, authentication*) |
| 82. | | Def # 39-46 | Payroll Item Detail |
| 83. | | | E-mails regarding time off (*plaintiff objects – generic*) |
| 84. | Dekroub Dep Ex 6 | | Dekroub letter to agents |
| 85. | | Def # 554-555 | Kruczynksi Declaration (impeachment only) |
| 86. | | Def # 556-557 | Hahn Declaration (impeachment only) |
| 87. | Steudle Dep Ex 32 | | Felker Declaration (impeachment only) |

## Damages

Plaintiff's damages total $166,750.00, plus attorney fees and costs as itemized and explained below:

### Rates

| | |
|---|---|
| **Plaintiff's hourly rate** | $25.00 |
| **Plaintiff's FLSA OT rate (150%)** | $37.50 |
| **Plaintiff's average weekly OT hours** | *Before* March 2011: 4 hours<br>*After* March 2011: 15 hours |
| **Attorney fees and costs (to date)** | $180,000 |

### FLSA Damages

| Non-willful & <u>no</u> liquidated | Non-willful & liquidated | Willful |
|---|---|---|
| Statutory Period:<br>10/28/12 – 3/17/14 (72 wks)<br>(reduced to 68 wks for vacation)<br><br>$37.50 OT rate x 15 hrs x 68 wks = **$38,250** | Statutory Period:<br>10/28/12 – 3/17/14 (72 wks)<br>(reduced to 68 wks for vacation)<br><br>$38,250 x 2<br>= **$76,500** | Statutory Period:<br>10/28/11 – 3/17/14 (124 wks)<br>(reduced to 118 wks for vacation)<br><br>$37.50 x 15 x 118 x 2<br>= **$132,750** |

### Unjust Enrichment Damages

| Only unjust enrichment damages<br>(no FLSA damages) | Unjust enrichment damages until non-willful FLSA damages begin | Unjust enrichment damages until willful FLSA damages begin |
|---|---|---|
| Statutory Period:<br>2/6/09 – 3/17/14 (266 wks)<br>(reduced to 256 wks for vacation)<br><br>$25.00 x 10 x 256<br>= **$64,000** | Statutory Period:<br>2/6/09 – 10/28/12 (194 wks)<br>(reduced to 188 wks for vacation)<br><br>$25.00 x 10 x 188<br>= **$47,000** | Statutory Period:<br>2/6/09 – 10/28/11 (142 wks)<br>(reduced to 136 wks for vacation)<br><br>$25.00 x 10 x 136<br>= **$34,000** |

## Trial

    **(A)** **Jury or non-jury.** Jury trial. The parties agree that plaintiff's attorney fees and costs will be determined by the Court after trial if plaintiff prevails.

    **(B)** **Estimated length of trial.** The parties anticipate that the trial will last approximately 5-7 days.

## Settlement

Plaintiff has made a settlement demand and defendant has responded with an offer that plaintiff is considering. Both parties will be present in person for the January 6, 2016 pre-trial conference.

                                        /s/ Judith E. Levy
                                        HON. JUDITH E. LEVY

Approved as to form and substance:

| By: /s/Elisabeth A. Gusfa | By: /s/ William E. Pilchak |
|---|---|
| Raymond J. Sterling (P34456) | William E. Pilchak (P29545) |
| Elisabeth A. Gusfa (P77273) | William T. Russell (P40062) |
| Brian J. Farrar (P79404) | Attorneys for Defendant |
| Attorneys for Plaintiff | |
| Dated: **December 30, 2015** | Dated: **December 30, 2015** |